UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 24-46-DLB-EBA

KYLE THOMPSON                                                          PLAINTIFF

v.                                         ORDER

COOKIE CREWS, et al.                                              DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon Plaintiff Kyle Thompson's Motion for Emergency Injunction to Preserve Video and Audio Recordings and Other Evidence (Doc. # 45). Consistent with local practice, this motion was referred to Magistrate Judge Edward B. Atkins for the purpose of preparing a Recommendation. Judge Atkins issued a Recommendation, wherein he recommends that the motion be denied as moot (Doc. # 48). Thompson filed an objection (Doc. # 49). For the reasons set forth herein, the Objection is **overruled**, the recommended disposition is **adopted** as the Opinion of the Court, and the motion is **denied** as **moot**.

I.

In his third motion for a preliminary injunction, Thompson seeks entry of an Order directing Defendants to preserve certain audio and video recordings. He alleges the necessity of injunctive relief in that the recordings will be evidence in a future lawsuit. Magistrate Judge Atkins noted that Fed.R.Civ.P. 37(e) requires the preservation of evidence and, further, permits sanctions for the failure to do so. As such, he found Thompson's motion to be moot.

1

Thompson objects, asserting that without Court intervention, Defendants will destroy the evidence.

## II.

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion." Under Federal Rule of Criminal Procedure 59(b)(1), following a magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to the proposed findings and recommendations." The district judge is required to "consider de novo any objection to the magistrate judge's recommendation," and "may accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Failure to object is considered waiver of the party's right to review. Fed. R. Crim. P. 59(b)(2).

Objections to a magistrate judge's recommendation must be "specific written objections to the proposed findings and recommendations." *Id.* This necessitates that "vague, general, or conclusory objections," will not be considered and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). Further, an objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *United States v. Shephard*, No. 5:09-cr-81-DLB-EBA, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v.*

*Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alteration in original) (quoting *Smith v. Chater*, 121 F.3d 709 (6th Cir. 1997) (unpublished table decision)).

**III.**

While Thompson states his disagreement with the Magistrate Judge's recommendation, he offers no law, rule, statutory or otherwise, which calls into question the recommendation. He simply disagrees. Without more, his objection is not enough.

Moreover, as the Magistrate Judge found, Rule 37(e) addresses the claims made in Thompson's motion. Thompson has not presented facts which warrant a Court's order.

Accordingly, **IT IS HEREBY ORDERED**:

(1) Plaintiff Kyle Thompson's Objection to Magistrate Judge's Recommendation is **OVERRULED**;

(2) The Recommendation (Doc. # 48) is hereby **ADOPTED** as the Opinion of the Court; and

(3) Plaintiff Kyle Thompson's Motion for Emergency Injunction to Preserve Video and Audio Recordings and Other Evidence (Doc. # 45) is **DENIED** as **MOOT**.

This 26th day of August, 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Ashland Civil\2024\24-46 Order Adopting R&R Denying DE 45.docx